**BOWLES, Adm'r, Office of Price Administration, v. SHARP.**

No. 13030.

Circuit Court of Appeals, Eighth Circuit.

May 15, 1945.

Lowell J. Grady, Sp. Litigation Atty., Office of Price Administration, of Washington, D. C. (Thomas I. Emerson, Deputy Adm'r for Enforcement, Fleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, and Morton Abrahams, Sr. Atty., Office of Price Administration, all of Washington, D. C., David B. Love, Regional Litigation Atty., of Dallas, Tex., and John M. Lofton, Jr., Dist. Enforcement Atty., of Little Rock, Ark., on the brief), for appellant.

No appearance for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the district court had jurisdiction under the Emergency Price Control Act of January 30, 1942, 56 Stat. 23, 50 U.S. C.A.Appendix § 901 et seq., as amended October 2, 1942, 56 Stat. 765, 50 U.S.C.A.Appendix § 961 et seq., to consider the validity of a maximum price regulation promulgated by the Price Administrator.

This action was commenced September 2, 1944, by the Administrator alleging that the appellee Sharp had violated Revised Maximum Price Regulation 341, as amended (8 Fed.Reg. 11176), effective August 16, 1943, establishing maximum prices for used commercial motor vehicles, in that on July 19, 1944, Sharp sold and delivered to one Arbuckle a 1934 Model Ford one-half ton pick-up truck for $450, which amount exceeds the maximum price of $182.79 for the truck, as determined by said regulation, in the amount of $267.21. Judgment was demanded for three times such overcharge in the sum of $801.63. The material allegations of the complaint were denied by Sharp; the case was tried to the court without a jury; and the facts set out in the complaint were found to be true. The court, however, concluded as a matter of law that regulation 341, as amended, is invalid and void, and judgment was entered dismissing the complaint. This appeal followed.

The judgment of the court is clearly erroneous. Section 204(d) of the Act, 50 U.S. C.A.Appendix § 924(d), provides that "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of" regulations issued under the Act, and that, "Except as provided in this section, no court * * * shall have jurisdiction or power to consider the validity of any such regulation. * * *" The constitutionality of these provisions of the Act was sustained by the Supreme Court in Yakus v. United States, 321 U.S. 414, 427–431, 64 S.Ct. 660, 88 L.Ed. 834. See, also, Speten v. Bowles, 8 Cir., 146 F.2d 602, 605.

No notice was taken at the trial of § 108 of the Stabilization Extension Act of 1944 amending § 205(e) of the Act, 50 U.S. C.A.Appendix § 925(e). The Administrator demanded damages under the Act as it read prior to the amendment in three times the amount of the overcharge. Under the amendment the seller's liability should be the amount of the overcharge, or $25, whichever is greater, provided he "proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." We think the appellee should be given an opportunity, if he so requests, to offer evidence under the amendment. Unless further evidence shall be introduced judgment should be entered against the appellee for $801.63 and costs as prayed. If appellee produces evidence establishing that the violation of the regulation was not willful nor the result of failure to take practicable precautions against the occurrence of the violation, judgment should be for $267.21 and costs.

The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.