BOWLES, Adm'r, OPA., v. GOEBEL.
No. 13104.

Circuit Court of Appeals, Eighth Circuit.
Nov. 6, 1945.

672

Abraham H. Maller, Sp. Appellate Atty., O.P.A., of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, and David London, Chief, Appellate Branch, both of Washington, D. C., Harry E. Witherell, Regional Litigation Atty., of Chicago, Ill., and James S. Eriksson, Dist. Enforcement Atty., O.P.A., of Fargo, N. D., on the brief), for appellant.

Herbert G. Nilles, of Fargo, N. D. (Nilles, Oehlert & Nilles, of Fargo, N. D. and Cyrus N. Lyche, of Grand Forks, N. D., on the brief), for appellee.

Before WOODROUGH, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

The Administrator of the Office of Price Administration sued a used-car dealer of Grand Forks, N. D., under section 205(e) of the Emergency Price Control Act of 1942, as amended, 58 Stat. 640, 50 U.S.C.A. Appendix, § 925(e), for three times the amount of the overcharges under Maximum Price Regulation No. 341, on Used Commercial Motor Vehicles, 8 Fed. Reg. 3971, made in nine separate sales of used automobile trucks. The case was tried to a jury which returned a verdict for the Administrator in the sum of $2,248.83, the amount of the claimed overcharges, without any multiplication of the damages by way of penalty. The Administrator has appealed, alleging that the court improperly instructed the jury on the question of multiple damages.

The portion of section 205(e) as amended relating to damages provides that a seller who violates a price regulation "shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

Prior to its amendment, the section had provided, 56 Stat. 34, 50 U.S.C.Appendix Supp. II, § 925(e), that such a seller should be liable "either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." This made it mandatory upon the court to award treble damages (or $50, if greater) in case of any violation. Cf. Bowles v. American Stores, Inc., 78 U.S. App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565.

The action here is governed by the amended statute. The court instructed the jury in substance on the question of damages that, if it found that overcharges under the regulation had occurred, it should return a verdict for the amount of the overcharges only, if the defendant had proved by a preponderance of the evidence that such violations were neither wilful nor the result of failure to take practicable precautions to avoid them, but that if the defendant had failed to prove that the violations occurred under these conditions, "then you may find for the plaintiff against the defendant for any sum you think proper, not less than the actual amount of the overcharge as you shall have determined it, and not more than three times that amount."

In a memorandum opinion on the Administrator's motion for a new trial, 58 F. Supp. 686, the court examined and reapproved the correctness of these instructions.

The Administrator contends that the last part of these instructions was erroneous and should have provided instead that, if the defendant had failed to prove lack of wilfulness, the jury was required to assess treble damages for the violations, and that, even if nonwilfulness was proved, the jury was still required to assess more than single damages (anywhere up to treble damages in amount) and could not return a verdict for the overcharges merely, unless the defendant also had proved that practicable precautions were taken to avoid the violations. The Administrator had tendered an instruction to this effect, which the court refused to give.

 It is to be noted that the only positive command which the amended statute contains on the assessment of damages is that, if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against its occurrence, he cannot be held liable for more than the amount of the overcharge (or $25, if the overcharge is less than that sum). In all other situations, his liability is permitted to be "such amount * * * as the court in its discretion may determine", not exceeding three times the amount of the overcharge (or from $25 to $50, if the recovery otherwise might be less), except that the prescription for damages equal to the overcharge where nonwilfulness and the taking of practicable precautions are proved necessarily must be treated as implying that in no case can the damages be less than the amount of the overcharge. In relieving against the absoluteness of the original statute and its possible hardships, and perhaps in escaping from the many complaints under it, Congress thus clearly left both the question of the allowance of multiple damages and the extent of their amount (up to treble damages) to the discretion of the court, except that it forbade the assessing of any multiple damages where the violations were shown to be neither wilful nor the result of failure to take practicable precautions.

 The Administrator argues that Congress did not intend that the amended statute should operate in any way to bene-fit a wilful violator (the Administrator does not recognize any possible degrees in wilfulness) and that the expressions made on the floor of the Senate specifically so indicate. Typical of these expressions is that of Senator Chandler, the author of the amendment, that "It is not my intention to protect anyone who willfully violates the law, or does not take reasonable and practical precautions to observe the regulations" (90 Cong.Rec.5473), and that of Senator Radcliff that "In cases where there has been a deliberate and flagrant attempt to flout the law, * * * triple damages should be imposed upon the one who has made the overcharge" (90 Cong.Rec.5469). These expressions, of course, suggest the spirit in which various members of Congress (and probably Congress generally) felt that the Act should be applied, but we do not believe that they can soundly be argued to have changed or limited the unambiguous and legally purposive legislative language used, which expressly makes the allowance of multiple damages and the extent of their amount questions for the discretion of the court in all cases except where the violations are proved to be neither wilful nor the result of failure to take practicable precautions, to read that the court has no discretion to choose between the allowance of single and multiple (up to treble) damages in any case and that the only discretion which the court has the power to exercise is simply to determine what the amount of the multiple damages shall be in cases where considerations of practicable precautions alone are involved.

 To state the situation slightly variantly—the amended statute, in all cases except where the violation is proved to be neither wilful nor the result of failure to take practicable precautions, makes the question of the allowance of multiple damages and of the extent of their amount a matter for the legal conscience and responsibly exercised judgment of the court on the circumstances of the particular case, instead of one of legislative absoluteness and fixed prescription. The term "discretion" as applied to legal action has a long-recognized and accomplishive meaning, and —to adopt the language which the Supreme Court used in Hecht Co. v. Bowles, 321 U.S. 321, 330, 64 S.Ct. 587, 592, 88 L.Ed. 754, in relation to the limitation argued by the Administrator in that case to exist upon the court's discretion to deny an in-

junction under the Emergency Price Control Act—"We do not believe that such a major departure from that long tradition as is here proposed should be lightly implied."

The trial court, therefore, in our opinion, was not required to instruct that the power of the jury under the statute was so undeviatingly limited as the Administrator contended and that it must return a verdict on the basis of the absolute prescriptions which the Administrator's tendered instruction imposed. It would, of course, be entirely proper for the court in any such case to outline to the jury some of the various possible situations which might exist under the evidence and some of the considerations which they were entitled to take into account in relation to them on the question of the allowance of multiple damages and the extent of their amount. Part of the court's other instructions here may perhaps be said to have been so aimed, in a degree at least, but we need not explore their scope, for the Administrator, under Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. following section 723c, is in any event not in a position to contend that more specific instructions should have been given along these lines, since his requested instruction was intended to command what the jury must do and not to advise what it might.

In nothing that we have said, however, is there any implication of course that the court in exercising discretion on whether multiple damages should be assessed or what their amount ought to be has the right or power to act arbitrarily or without sense of official responsibility, or that the broad propriety of its action in a particular case is not subject to being tested on appeal against abuse. Discretion in a legal sense necessarily is the responsible exercise of official conscience on all the facts of a particular situation in the light of the purpose for which the power exists. It should hardly be necessary to suggest, for instance, that a mere assessment of single damages for a plainly flagrant defiance of a price regulation would not ordinarily constitute a proper exercise of the power of discretion under the public purpose of the Emergency Price Control Act. As the Supreme Court pointed out in the Hecht Co. case, supra, 321 U.S. at page 331, 64 S.Ct. at page 592, 88 L.Ed. 754, in relation to the discretion of the courts to grant or deny an injunction under the Act, "their discretion * * * must be exercised in light of the large objectives of the Act. * * * That discretion should reflect an acute awareness of the Congressional admonition that 'of all the consequences of war, except human slaughter, inflation is the most destructive.'" But in any case where it is entitled to be held that discretion has been abused in dealing with a price-control violation, it is not because direct limitations or prescriptions are required to be read into the language of the Act, but because official conscience, when tested by its own inherent standards, must be regarded as not having been responsibly exercised in the immediate situation. And the process of an appellate court in examining exercised discretion for abuse is not one of creating prescriptions and definitions for the curbing of judgment generally, but simply one of viewing the action taken in an immediate case in the relativeness of its entire situation to see whether it compels the conviction that there has not been a responsible exercise in a legal sense of official conscience on all the considerations involved in the situation.

In the present case, however, the question whether the assessment of single damages only constituted an abuse of discretion on the facts of the situation is not before us for review. The basis of the Administrator's appeal, as we have indicated, is that the statute did not grant any such power of discretion as the court allowed the jury to exercise, and not that the discretion was abused if the power existed under the Act. We need not therefore go into the details of the evidence and shall merely informationally state the general situation. The overcharges claimed represented generally the difference between the ceiling price on "reconditioned and guaranteed" trucks and that on "as is" vehicles, and the controversy revolved primarily around the fact that the dealer had charged the "reconditioned and guaranteed" price without having used the guarantee and price form which the regulation provided for such sales. There was testimony, which the jury could and apparently did believe, that, while the dealer had sold the vehicles without the prescribed form of guarantee attached, the service which he had promised and actually given to the purchasers was equivalent to that required by the prescribed form. The court instructed the jury that this evidence might be considered on the question of good faith, but that the dealer's failure to use the pre-

scribed guarantee and price form required the question of overcharges to be determined on the basis of the "as is" price.

In connection with the jury's verdict, it further may be observed that there also is no contention here that, in achieving the anti-inflationary purpose of the Act in its national perspective and not as a local eyecast, and under the statutory expression of discretion of the "court", the question of multiplying the damages was rather a matter for the conscience of the trial judge than for the wisdom of the jury, and that all that should have been left to the jury (on general verdict) was whether overcharges had been made and what their amount was, and (on special interrogatory) whether the defendant had proved that the violations were neither wilful nor the result of failure to take practicable precautions against their occurrence. Cf. Cross v. United States, Fed.Cas.3,434, 1 Gall. 26; Barson v. Mulligan, 191 N.Y. 306, 84 N.E. 75, 83, 16 L.R.A.,N.S., 151; Broschart v. Tuttle, 59 Conn. 1, 21 A. 925, 927, 11 L.R.A. 33. We intend no intimation, however, on such a contention and merely informationally indicate in connection with the verdict that the parties were in accord as to the propriety of leaving the question of multiple damages to the jury.

We should perhaps also state that the Administrator has argued that we have by implication held in Bowles v. Sharp, 8 Cir., 149 F.2d 148, 149, that a wilful violation of the Act requires the assessment of treble damages, regardless of the nature or degree of the legal wilfulness that may actually be involved. The Administrator gives too broad an effect to what we did in that case. We there simply made a conditional direction for the disposition of the particular case and did not purport to express ourselves generally on the scope of the court's discretion under the Act.

Finally, in the conclusion which we have reached, we have not thought it necessary to attempt to review here the decisions of the other federal courts which up to the present time have considered the question of the court's discretion under the Act. See Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Ammon, D.C.Neb., 61 F.Supp. 106; Bowles v. Heinel Motors, Inc., D.C. E.D.Pa., 59 F.Supp. 759, and Bowles v. Krasno Bros. Glove & Mitten Co., D.C. E.D.Wis., 59 F.Supp. 581. It is sufficient to remark that none of them, except the Krasno Bros. case, accepts the limitative

view for which Administrator has here contended, and that decision is no longer an authority in the Seventh Circuit, in which the District Court that rendered it is located, because of Bowles v. Krodel, 7 Cir., supra.

The judgment is affirmed.