## FLEMING v. ROUTT.

### No. 1221.

District Court, W. D. Kentucky, at Louisville.
June 19, 1947.

David C. Walls, U. S. Dist. Atty., and Holland N. McTyeire, both of Louisville, Ky., for complainant.

J. Dudley Inman, of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This action was filed October 30, 1946 by Paul A. Porter, Price Administrator, Office of Price Administration, to recover from the defendant William Carroll Routt $7,443.60, an amount alleged to represent three times the aggregate sum of overcharges which defendant had received in nine separate sales of automobiles in violation of the Emergency Price Control Act 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 925(e).

Recovery in the single amount of the overcharge was sought in favor of the purchaser involved in each particular sale and double the amount (the penalty) was sought to be recovered for the United States.

Defendant's answer as amended admitted the allegations of the complaint in numbered paragraphs 7, 8, 9, 10, and 12, which referred, respectively, to the sales to Earl Blair, Jessie Harris, Marvin Price, W. A. Ray and Jess W. Stanley.

Defendant denied that the remaining sales referred to in paragraphs 11, 13, 14 and 15 of the complaint were in violation of the Act or regulation and affirmatively pleaded that the violations in the sales to Blair, Harris, Price, Ray and Stanley were neither willful nor the result of defendant's failure to take proper precautions against the occurrence of such acts.

The case was tried to the Court without a jury.

## Findings of Fact

1. From the admission of defendant in pleading and in his testimony the Court finds that the sales by defendant to Blair, Harris, Price, Ray and Stanley, and each of them, were made at the times, for the price and otherwise as alleged in the complaint.

2. That in the sale to Blair, defendant received $186.20 in excess of the ceiling price.

3. That in the sale to Jessie Harris, defendant received $176.50 in excess of the ceiling price.

4. In the sale to Marvin Price, defendant received $169.00 in excess of the ceiling price.

5. In the sale to Wilford A. Ray, defendant received $609.50 in excess of the ceiling price.

6. In the sale to Jess W. Stanley, defendant received $418.00 in excess of the ceiling price.

7. The aggregate sum of the five overcharges is $1,559.20.

8. From the evidence it is found that in the remaining four sales referred to in the complaint, defendant did not receive more than the price authorized by the Act and by Maximum Price Regulation No. 540.

9. In each of the sales where violation is admitted, defendant willfully and knowingly charged and received consideration in excess of the ceiling price and had taken no precaution to avoid such violations.

## Conclusions of Law

■ 1. This Court has jurisdiction of this proceeding. Title 50 U.S.C.A.Appendix, § 925(c) and (e).

■ 2. The defendant's violation of the Act and Maximum Price Regulation No. 540 was flagrant. In two instances, he refused to take checks and in another instance, he took one check for the amount of the ceiling price and another for the excess payable to a third person. In his tes-

timony, he stated that the Act was generally violated in his Community and expressed the opinion that no one could have dealt in used cars there except by disregarding the ceiling prices.

"In such a situation defendant flagrantly violated the law so that the District Court could not, in the exercise of a sound judicial discretion, permit defendant to escape the consequences of his wrongdoing merely by paying the amount of the overcharge. If the public interest is to be protected and the statute is to have its full and proper deterring effect on prospective wrongdoers, defendant must be penalized." Bowles v. Krodel, 7 Cir., 149 F.2d 398, 401. See also Bowles v. Goebel, 8 Cir., 151 F.2d 671.

3. The Administrator is authorized to ask restitution to the purchaser of the amount of the overcharge as part of the relief. Bowles v. Skaggs, 6 Cir., 151 F.2d 817.

Conclusion

Complainant is entitled to the relief sought, except as to the injunctive relief, and his counsel will submit, upon notice to defendant's counsel, within 10 days from this date, judgment in accord with this memorandum.