BOWLES, Administrator, Office of Price Administration, v. KRODEL.

No. 8736.

Circuit Court of Appeals, Seventh Circuit.

May 16, 1945.

Thomas I. Emerson, Deputy Administrator for Enforcement, Fleming James, Jr., Director, Litigation Division, Abraham Glasser, Sp. Appellate Atty., and Edward H. Hatton, Atty., Office of Price Administration, and David London, all of Office of Price Administration, all of Washington, D. C., Walter J. Heddesheimer, of Cleveland, Ohio, and John E. Scott, Office of Price Administration, of Indianapolis, Ind., for appellant.

Raymond Krodel, of Jasper, Ind., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal by the Price Administrator from a default judgment entered in his favor in an action brought under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 925(e).

The court, in conformity with the allegations of the complaint, found that on or about October 11, 1943, the defendant sold a 1939 Ford V-8 truck to one Lucille Miller for the sum of $600, and that the maximum price at which the truck could be sold (including equipment), as established by Maximum Price Regulation No. 341, was $468.45. Thus, the overcharge as found was $131.55. Judgment was allowed for such amount.

The Administrator makes no contention that the violation was willful or that the court abused its discretion in allowing a judgment only for the amount of the overcharge. The sole question, therefore, raised by the Administrator is whether it was mandatory to impose a judgment for treble the amount of the overcharge, since the defendant offered no testimony to bring himself within the proviso hereinafter referred to. The question presented requires a construction of the applicable provision of the Price Control Act. As stated, defendant defaulted in the court below and also makes no appearance in this court.

The section upon which the action is predicated provides for "an action against the seller on account of the overcharge." It states: "In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

The Administrator contends that under the circumstances of this case the court had no discretion but to award a judgment in treble the amount of the overcharge.

The Administrator in his brief interprets the provision as follows:

"First, where the seller proves that his violation was neither wilful nor the result of a failure to take practicable precautions against its occurrence, his liability is restricted to the amount of the overcharge.

"Secondly, when the seller fails to prove that his violation was not wilful or deliberate, he is liable for the full statutory maximum, three times the amount of the overcharge or $50, whichever is the greater.

"Thirdly, where the seller proves that the violation was not wilful or deliberate, but fails to prove that he had taken practicable precautions against its occurrence, then his liability is to be determined on the basis of the degree of his fault or culpability, but may not exceed the statutory maximum nor be less than statutory minimum."

The Administrator stresses the legislative history of the amended Act. We think no useful purpose would be served in reviewing this history for the reason that it furnishes little, if any, support to the Administrator's contention. In connection with this history, however, it is pertinent to note that the original Act provided that an action could be brought "either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." This provision made it mandatory upon the court, regardless of the circumstances of the case, to allow judgment for $50 or for treble the amount of the overcharge, whichever was the greater. The only thing which is disclosed by the legislative history with any degree of certainty is that Congress intended to relieve the courts of the mandatory duty thus imposed and to vest them with a discretion as to the amount of the judgment within the minimum and maximum amounts provided.

Evidently the proviso, "if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation," was adopted for the benefit and protection of the defendant. It is further evident, so we think, that in order for a defendant to take advantage of such provision he must plead it

by way of answer to the complaint. It was so held in Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571. Being obliged to plead the defense, the burden is upon the defendant to establish it. In this connection, we note that the Administrator contends that the trial court erred in holding that such burden was upon the plaintiff. This is a misconception of what the court held. It merely stated in its findings "that the plaintiff did not show that the said unlawful charge was wilful, etc." The finding of the court, while perhaps immaterial, was an undisputed fact. It does not represent a conclusion of law that the plaintiff had such burden.

As noted from the contention of the Administrator (heretofore quoted), he would interpret the proviso as providing for two defenses, (1) that the violation was not wilful and (2) that it was not the result of failure to take practicable precautions. We think the proviso is not subject to such interpretation. The two elements taken together constitute the defense. The language, "was neither wilfull nor the result of failure, etc.," by which these elements are joined, plainly so indicates. In Bowles v. Hasting, 5 Cir., 146 F.2d 94, 95, the court, in discussing this proviso stated: "The burden is on the defendant to show both an absence of wilfulness, and the presence of care to prevent the occurrence of violations."

▌ It appears to be the theory of the Administrator, as stated in his third proposition (above quoted), that it is only where the defendant attempts but fails to establish the proviso defense that the court has discretion as to the amount of the judgment. This is a novel as well as an untenable theory, both as a matter of construction and procedure. True, this proviso defense is not absolute, and only where it is established does it have any effect upon the court's discretion. In such case, it is mandatory upon the court to enter a judgment for not more than the minimum amount provided.

▌ If the proviso defense is not invoked, as in the instant case, or where invoked but fails for want of proof, the court is left in the same position as though the proviso were not contained in the statute. Under such circumstances, there remains in the court a discretion to allow judgment for any amount between the minimum and maximum provided. It would do violence, so we think, to the plain meaning of the

section to hold that the court has a discretion only in the instance where the defendant attempts but fails to establish the proviso defense.

The Administrator argues that an interpretation other than that advanced by him leads to the incongruous situation wherein the minimum amount of the judgment is the overcharge in a case where the proviso defense has been established, but in a case where such defense has not been made, as in the instant case, the judgment can be for any amount no matter how small. This contention is predicated upon the language in the body of the section, "such amount not more than three times the amount of the overcharge." It must be conceded that a literal reading of this language lends color to the contention. Such language, however, must be read in connection with the section as a whole, including the proviso. As we have attempted to show, the proviso, where applicable, plainly determines the amount of the judgment as the overcharge, or $25, whichever is greater. Surely Congress did not intend to provide for a lesser judgment in one instance than in the other. The minimum having been definitely fixed in one instance, we think the section must be interpreted as impliedly fixing the same minimum in the other.

In the recent case of Bowles v. Heinel Motors, Inc., 59 F.Supp. 759, 762, decided by the United States District Court, E. D. of Pa., the court, in considering this apparent ambiguity, stated: "The literal meaning of this is that in the ordinary case of a wilful violation the court has discretion to enter any amount not more than three times the overcharge or overcharges * * *, but that, if the violation was not wilful, then the court must enter its judgment for at least the amount of the overcharges * * *."

The court then proceeds:

"Of course, that cannot be what the Act means and the provision must be read as the Administrator contends in order to avoid such a ridiculous result. The first alternative, 'Such amount not more than three times the amount of the overcharge, or the overcharges * * * as the court in its discretion may determine,' must contain the implicit qualification that the lower limit of the court's discretion is the amount of the overcharge itself. This being the only possible construction of the provision which comports with common sense, I adopt it."

It appears from the last quotation that the Administrator in that case, contrary to his contention here, contended that the minimum amount of the judgment in a wilful violation case was the amount of the overcharge and that the court agreed with that contention. We also agree.

Thus, as we construe this section, the court in all cases is lodged with the discretion to enter a judgment, the minimum amount of which is the overcharge, with a maximum amount of three times thereof, or an amount not less than $25 or more than $50, whichever sum is the greater, except in the case where a defense has been established under the proviso and in such case the court has no discretion but to enter a judgment for the minimum amount that is the overcharge in one instance or $25 in the other.

What we have said does not, of course, preclude the court in any case from hearing evidence relative to the circumstances of the violation. In a case where the defendant relies upon the proviso defense, the circumstances are directly in issue. In other cases, the court may hear such evidence for the purpose of properly exercising its discretion.

The judgment appealed from is affirmed.

KERNER, Circuit Judge (dissenting in part).

I concur in the majority's holding that the seller has the burden of proving that the violation was neither wilful nor the result of a failure to take practicable precautions against the occurrence of the violation if he wishes to limit his liability to the amount of the overcharge by bringing himself within the proviso. It is perfectly clear that the defendant did not sustain this burden.

As I interpret the statute, it vests in the District Court a sound judicial discretion as opposed to unlimited discretion. The statute says the seller shall be liable for an amount not more than three times the amount of the overcharge upon which the action is based as the court in its discretion may determine. Although the words "sound judicial" are not expressly included in the statute, they are, in my opinion, necessarily implied. It should be remembered in this regard that this statute is a war measure designed to prevent inflation, and discretion given to a court thereunder must be exercised in the light of the large objectives of the statute with great consideration being given to the public interest. Bowles v. Montgomery Ward & Co., 7 Cir., 143 F.2d 38. If the District Court has only such discretion, then I can see no escape from holding that it abused its discretion in not requiring this defendant to pay three times the amount of the overcharge. Not only did the Administrator establish by competent evidence all of the material allegations of the complaint, but also there was evidence that defendant had been informed before the sale of the lawful maximum price of the truck, and that defendant had deliberately tried to evade the regulation establishing the maximum price. In such a situation defendant flagrantly violated the law so that the District Court could not, in the exercise of a sound judicial discretion, permit defendant to escape the consequences of his wrongdoing merely by paying the amount of the overcharge. If the public interest is to be protected and the statute is to have its full and proper deterring effect on prospective wrongdoers, defendant must be penalized. Therefore, I would reverse the judgment.