**PORTER, Adm'r, OPA, v. MEGOW.**

No. 4966.

District Court, E. D. Pennsylvania.
June 4, 1946.

Robert J. Callaghan, Dist. Enforcement Atty., Harry W. Steinbrook, Senior Enforcement Atty., and Harold J. Borofsky, Enforcement Atty., all of Philadelphia, Pa., for plaintiff.

Henry T. Dolan, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action was brought by the Administrator of the Office of Price Administration pursuant to Section 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925 (a) and (e). Alleging acts and practices of the defendant in violation of Section 4 (a) of the Act, 50 U.S.C.A.Appendix, § 904 (a), and of Maximum Price Regulation No. 188 as amended (7 F.R. 5872), the Administrator seeks treble damages in addition to equitable relief.

This Court is without jurisdiction to resolve issues relating to the validity of any order or regulation promulgated by the Administrator. Section 204(d), Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d). Therefore, the questions for de-

termination are narrowed to three: (1) whether violations occurred, (2) if so, were they wilful and the result of failure to take practicable precautions, and finally (3) is this a proper case for the issuance of a restraining order.

The cause having come on to be heard by the Court without a jury, on the basis of the pleadings and the evidence, I make the following

### Findings of Fact

1. Plaintiff is the Administrator of the Office of Price Administration.

2. Defendant at all times mentioned in this suit was engaged in the manufacture and sale of hand tools, such as tube pullers, aligning tools and socket handles, at Howard and Oxford Streets, Philadelphia, Pennsylvania.

3. Defendant was engaged in the business of manufacturing and selling socket handles, also known as socket wrenches, on and after September 1, 1943.

4. Maximum Price Regulation No. 188 (7 F.R. 5872) was duly issued on July 29, 1942, pursuant to Section No. 2 of the Emergency Price Control Act of 1942, as amended and extended, 50 U.S.C.A.Appendix, § 902, and became effective on August 1, 1942, and has continued in effect as amended at all times herein mentioned.

5. The First (Section 1499.155), Second (Section 1499.156), and Third (Section 1499.157) Pricing Method of Maximum Price Regulation No. 188 were not applicable to the price determination of the socket handles manufactured by the defendant on and after September 1, 1943, and sold by the defendant on and after September 1, 1943.

6. Section 1499.158 of Maximum Price Regulation No. 188 required the filing of a report with the Office of Price Administration applying for and the receiving of specific authorization of a maximum price before selling or offering for sale the aforesaid socket handles.

7. From, on and after September 1, 1943, until November 2, 1944, defendant violated Section 1499.158 of Maximum Price Regulation No. 188, in that he sold and delivered socket handles without first applying for and/or receiving specific authorization of a maximum price.

8. All sales of socket handles were made to buyers who purchased the same in the course of trade or business.

9. On August 9, 1944, defendant filed a report for specific authorization of a maximum price for the aforesaid socket handles and continued to sell the same until November 2, 1944.

10. On November 21, 1944, pursuant to a report applying for specific authorization of a maximum price, filed by the defendant, the Administrator by Order No. 2963, under Section 1499.158 of Maximum Price Regulation No. 188, established a maximum price for the sale of the aforesaid socket handles by the defendant at thirty-nine cents each. Amendment No. 1 to Order No. 2963, under Section 1499.158 of Maximum Price Regulation No. 188, issued on April 21, 1945, fixed the price for the aforesaid socket handles at forty-two cents each.

11. Between June 29, 1944, and November 2, 1944, defendant sold and delivered 12,751 socket handles at fifty cents each.

12. The overcharge on the sale of each socket handle was eight cents, and the total overcharge on the sale of 12,751 handles was $1,020.08.

13. The violations of Maximum Price Regulation No. 188 and Amendment No. 1 to Order No. 2963 were wilful and the result of failure to take practicable precautions to avoid their occurrence.

### Discussion

Without regard to the validity of the Regulation and Order which the plaintiff applied to the defendant, it is unquestionable that the defendant committed violations by (1) selling socket handles without having established the maximum price thereon and (2) selling in excess of the maximum price of forty-two cents as determined by Amendment No. 1 to Order 2963 expressly applicable to the defendant. This finding leaves two questions for disposition, first, the amount of damages to be assessed, and second, whether the equitable relief prayed for ought to be granted.

As to the matter of damages, as noted, the Administrator seeks to recover herein treble the amount of overcharges, and

costs. Turning to the amended statute, it is provided in Section 205(e), 50 U.S.C.A.Appendix, § 925(e), that " * * * the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

Prior to the amendment to Section 205(e) now in effect, it was mandatory upon the court to award treble damages (or $50, if greater) in case of any violation. Cf. Bowles v. American Stores, Inc., 1943, 78 U.S.App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565. The statute as it presently exists, however, lays down a different rule: where a violation occurs the question of the allowance of multiple damages and of the extent of their amount is a question for "the legal conscience and responsibly exercised judgment of the court on the circumstances of the particular case", except where the defendant is successful in establishing that the violation was neither wilful nor the result of failure to take practicable precautions, in which case the damages assessed can be no more than the amount of the overcharge or $25, whichever is the greater. Bowles v. Goebel, 8 Cir., 1945, 151 F.2d 671, 673; Bowles v. Heinel Motors, Inc., D.C.E.D.Pa.1944, 59 F.Supp. 759, affirmed 3 Cir., 1945, 149 F.2d 815, certiorari denied 66 S.Ct. 141. See Shearer v. Porter, 8 Cir., 155 F.2d 77. It follows, therefore, that in a case such as the one at bar, where the defendant has failed to satisfy the court, functioning as a jury, that the violations were neither wilful nor the result of failure to take practicable precautions, it remains for the Court in the exercise of its discretion to assess damages at least in the amount of the overcharges, but not in excess of treble the amount thereof. Bowles v. Krodel, 7 Cir., 1945, 149 F.2d 398. Bowles v. Heinel Motors, Inc., supra.

It is my opinion that a judgment in the amount of the overcharges is sufficient in the instant case. As noted by the Court in Bowles v. Heinel Motors, Inc., supra, the suit being brought by the government, any judgment is in the nature of a penalty. The defendant filed his report with the Administrator as soon as he learned that the socket handles which he manufactured were subject to regulation. Moreover, the defendant was uncertain as to whether his product was ruled by Maximum Price Regulation No. 136 or Maximum Price Regulation No. 188, under which the Administrator eventually did fix a maximum price. However, the maximum price was not fixed by the Administrator until over three months after defendant had filed his report. Also, the socket handles which the defendant manufactured were of vital importance in the war effort and in continuing their sale evidently the defendant yielded to the demands of his prime contractor and the Signal Corps, for whom the completed instrument was intended.

Concerning the equitable relief sought by the Administrator, in view of the finding of wilfullness the prayer for an injunction will be granted.

Accordingly, I state the following
Conclusions of Law

1. Jurisdiction of this action is conferred upon this Court by Section 205(c) of the Emergency Price Control Act of 1942, as amended and extended.

2. Defendant violated the Emergency Price Control Act of 1942, as amended and extended, 50 U.S.C.A.Appendix, § 901 et seq., by selling socket handles at prices in excess of the maximum price established therefore by Amendment No. 1 to Order No. 2963 under Section 1499.158 of Maximum Price Regulation No. 188, as amended.

3. The defendant has failed to prove that the violation of Maximum Price Regulation

No. 188 and Amendment No. 1 to Order 2963 to the same was not wilful.

4. The defendant has failed to prove that the violation of Maximum Price Regulation No. 188 and Amendment No. 1 to Order No. 2963 to the same, was not the result of his failure to take practicable precautions against the occurrence of the violation.

5. The plaintiff is entitled to recover damages in the amount of the overcharges made by the defendant on the sale of 12,-751 socket handles between June 29, 1944, and November 2, 1944, plus the costs of this action.

6. The evidence is of such character as to warrant this Court, in the exercise of its discretion, to issue injunctive relief.

An Order may be submitted in accordance herewith.