## FLEMING v. GORDON.
### No. 9143.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1947.

David London and Albert M. Dreyer, both of Washington, D. C., George Leonard and Jacob Cohen, both of Chicago, Ill., William Remy, Deputy Commissioner for Enforcement, and Harold Craske, Sp. Appellate Atty., both of Washington, D. C. (Isador L. Kovitz, Regional Enforcement Executive, and Randal J. Elmer, Regional Litigation Attorney, both of Chicago, Ill., of counsel), for appellant.

Edwin J. Ragoff and Harry G. Fins, both of Chicago, Ill., for appellee.

Before SPARKES and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This action was brought by Paul A. Porter, Administrator, Office of Price Administration, to recover statutory damages under § 205(e) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A. Appendix § 925(e). From a judgment for defendants, Philip B. Fleming, Temporary Controls Administrator, who was substituted for the Price Administrator, appeals. The facts are not in dispute. The complaint alleged that defendants had sold baby-strollers at prices in excess of the maximum price established by the General Maximum Price Regulation as amended (7 F.R. 3153). It was stipulated and the trial court found as a fact that the legal maximum price for the baby-strollers to wholesalers. was $5.95 for each stroller; that between January 12, 1945 and July 7, 1945, defendants had sold and delivered to four wholesalers 1,447 baby-strollers at a price of $7.45 each; and that if a recovery is legally assessable on the sale of the 1,447 baby-strollers, the amount over the permissible maximum. price is $2,170.50. On these findings the court concluded that although defendants had violated the Regulation, it was a technical violation; it was not wilful.

The question is whether the trial judge erred in refusing to award judgment for the Administrator. We think that he did.

The court must apply the statute as it finds it. The pertinent provisions of § 205 (e) are certain and definite. They provide that if a seller violates the maximum price regulations, his liability is absolute. As we have noted, the facts are undisputed. Defendants sold the baby-strollers at prices in excess of the maximum price established by the Regulation. In such a situation, the fact of defendants' lack of intent or wilfulness is not germane to the question of whether they should be held in damages. As stated by the court in the case of Bowles v. Heinel Motors, Inc., D.C., 59 F.Supp. 759, 762, affirmed 3 Cir., 149 F.2d 815; certiorari denied, 326 U.S. 760, 66 S.Ct. 141, "The literal meaning of this [the amount of the judgment in a case brought under § 205(e)] is that in the ordinary case of a wilful violation the court has discretion to enter any amount not more that three times the overcharge or overcharges and not less than $25, but that, if the violation was not wilful, then the court must enter its judgment for at least the amount of the overcharges if they are greater than $25." See also Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Goebel, 8 Cir., 151 F.2d 671; Porter v. Nowak, 1 Cir., 157 F.2d 824; and Star Steel Supply Co. v. Bowles, 6 Cir., 159 F.2d 812.

The judgment is reversed, and the cause is remanded to the District Court with directions to restate its conclusions of law in accordance with this opinion and to enter judgment for plaintiff for $2,170.50.