**PRICE et vir. v. NICHOLS.**

No. 4588.

Court of Civil Appeals of Texas. Beaumont.
Feb. 10, 1949.

Rehearing Denied March 9, 1949.

O'Fiel & O'Fiel, of Beaumont, for appellants.

J. A. Veillon, of Beaumont, for appellee.

MURRAY, Justice.

This is a suit brought by Mrs. G. M. Nichols, a single woman, in the County Court of Jefferson County at Law against Pearl Davis Price and her husband, W. T. Price, for damages for overcharges for rentals under the Emergency Price Control Act, as amended by Act of Congress, July 30, 1947, 50 U.S.C.A.Appendix, §§ 901 et seq., 1881 et seq. The plaintiff in the trial court, appellee here, alleged in substance that from September 1, 1947 to December 4, 1947, she rented a house in Beaumont, Texas from the appellant, Mrs. Pearl Davis Price; that the premises were subject to the Federal Rent Control Act of the United States and that the office of the Housing Expediter in charge of the administration of rent controls in Beaumont had fixed $10 per week as the maximum rent charge on such premises, effective September 1, 1947; that she paid $16 per week for such premises for a total of 13-½ weeks; that she was overcharged $6 per week, and that such overcharge was done willfully and intentionally and that she was entitled to recover against the appellants three times the amount she was overcharged; that she had demanded to be reimbursed for the overcharge, that the appellants refused to refund same; that it

became necessary for her to employ an attorney; she prayed for overcharges, penalties, reasonable attorney's fees and costs. The appellants, defendants in the trial court, answered specially that the appellee began occupancy of her premises on August 14, 1947, and that the parties agreed on the rental of $16 per week; that the premises were new housing accommodations which were not registered with the Office of Price Administration or Office of Housing Expediter, and that under the law then existing the appellants were permitted to register such premises within thirty days after their completion; that they did so register the premises within the said thirty days, in which registration it was stated that rental rate was to be $16 per week; that the appellee did not at any time pay more than $10 per week and at the time she vacated the premises appellee was delinquent in rental payments in the sum of $61; that the rent director on December 2, 1947 issued an order decreasing the rental to $10 per week, effective September 1, 1947; that on December 2, 1947 appellee was not an occupant of the premises; the appellants further answered by general denial. Appellants also brought a cross action for the sum of $61 which was alleged to be the amount which appellee owed them for unpaid rentals. The case was tried to a jury and the jury found in answer to special issues submitted by the court that (1) appellant Pearl Davis Price collected from appellee for rent in excess of $10 per week on the premises between September 1, and December 4, 1947; (2) that she collected $6 per week in excess of $10; (3) that she collected such sums for such period of time for thirteen (13) weeks; that she failed and refused to refund the overcharge for rent within thirty days from December 2, 1947; (5) that a reasonable attorney's fee for representing appellee in the case was $100 and (6) that the total sum of $256 was paid by Mrs. Nichols to W. T. Price and his wife, Mrs. Pearl Davis Price, for the premises. On the verdict of the jury the court found that the appellee was entitled to a judgment against the appellants "for three times the amount overcharges, same being thirteen (13) weeks at $6 per week, less $20 due defendants for unpaid rent, total-

ing $214, plus $100 for attorney's fees, making a total of $314, plus costs of court." Judgment was rendered for $314 with interest at 6% per annum from date and for costs.

After their amended motion for new trial was overruled appellants have perfected their appeal to this court.

█ The appellants' "assignment of error Number 1" complains of the wording of Special Issue Number 1 submitted in the court's charge. Such Special Issue reads as follows: "Do you find from a preponderance of the evidence that the defendant Pearl Davis Price collected from Mrs. G. M. Nichols for rent in excess of $10 per week on the premises known as the west side of 970 Long Street between September 1, and December 4, 1947? Answer Yes or No." Appellants say that "such charge is a charge upon the weight of the evidence and assumes controverted facts supported only by testimony of interested parties and has the effect to inform the jury that it is the opinion of the court that the defendant did collect at least the sum of $10 per week for the use of the premises in question, and disregarded the appellants' counter claim for rents." An examination of the statement of facts reveals that from the testimony of all the parties it must be said that appellants did collect some money from the appellee for rentals during this period and that on three separate occasions the appellee paid $16 in one week to either Mrs. Price or her husband. In view of these conceded facts it was not error for the court to submit the ultimate question on which the appellee's right to recover depended, that is, whether appellants had at any time collected from appellee for rent in excess of $10 per week. Special Issues Numbers 2 and 3, conditioned upon an affirmative answer to Issue Number 1, inquired as to how much in excess was collected and for how many weeks such excess was collected. We find no error in appellants' first point or assignment of error and it is overruled.

█ Appellants' "assignment of error Number 2" is as follows: "The error of the trial court in entering judgment for the plaintiff in the sum of $214, same repre-

senting three times the amount overcharged, found by the jury, being 13 weeks at $6 per week, less $20 due defendant for unpaid rent, in that such finding and judgment by the court is not supported by any issue as submitted to the jury, or finding of fact by the jury, and plaintiff is not entitled as a matter of law to liquidated damages, but such sum must be fixed or assessed by the jury under appropriate submission and issues submitted to them by the court, and the failure to submit controlling and necessary issues is fundamental error." The appellant in his argument in support of this contention cites and relies on cases of Porter v. Gray, 9 Cir., 158 F.2d 442 and Martin v. Burcham, Tex.Civ.App., 203 S.W.2d 807 and Porter v. Megow, D.C., 66 F.Supp. 13. In all of these cases the court recognized the principle that it was within the province of the jury or the court functioning as a jury to determine whether the violations of the Emergency Price Control Act were willful and to exercise its discretion to assess damages in a sum of not more than three times the amount of the overcharge in cases involving sale of commodities. The appellants apparently labor under the misapprehension that the provisions of the statutes in regard to treble damages for overcharges for the sale of commodities and for overcharges for rent are the same. However, the statutes differ on precisely the point which the appellants present here. Whereas the provision of Section 925, regarding the sale of commodities, provides for a penalty of "not more than three times the amount of the overcharge", Section 1895 of the June 30, 1947 amendment, governing rent controls, provides as follows: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 (section 1894 of this appendix) shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever

in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrance of the violation. * * *." It is thus seen that in a suit for overcharges for rents, plaintiff is entitled to his attorney's fee and treble damages as a matter of law, with the proviso as to the defendants' proving lack of willfulness and the non-failure to take precautions, etc. The argument of the appellants in this connection seems to fall of its own weight when viewed in the light of the rent control statute, as amended. However, no defense was urged by the appellants that they had made any overcharge in good faith and not willfully or that they had taken any precautions to avoid the violation. Their defense was that the appellee had not paid. The appellants admitted failure to refund the amount of the overcharges within thirty days after notice. This is sufficient to create the presumption of willfulness, for every person is presumed to intend the necessary and legitimate consequences of his act. Cleveland v. United States, 10 Cir., 146 F.2d 730. Such a presumption might have been rebutted by evidence of attending circumstances showing or tending to show lack of willfulness. Hicks v. United States, 150 U.S. 442, 14 S.Ct. 144, 37 L.Ed. 1137. The statute above quoted clearly makes these matters defensive in character. The appellants neither pleaded nor proved circumstances which would have warranted the trial court in submitting issues regarding such defenses, however. Appellants' second assignment is overruled.

While the testimony was controversial as to the amounts paid for rents and also as to the time of payment, the jury has resolved these issues against the appellants. On the facts as found by the jury the appellants have violated the Rent Control Act and have thereby subjected themselves to the penalties provided in that Act.

The judgment of the trial court is affirmed.

COE, C. J., and WALKER, J., concur.