**SMALL v. SCHULTZ (two cases).**
Nos. 9679, 9689.

United States Court of Appeals
Seventh Circuit.
March 21, 1949.

Maximilian J. St. George and Paul Broccolo, both of Chicago, Ill., for Schultz.

Bernard B. Wolfe and Lipman, Lochtan & Wolfe, all of Chicago, Ill., for Small.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

MAJOR, Chief Judge.

This is an action by plaintiff, a tenant, against defendant, a landlord, for the recovery of damages pursuant to Section 205 of the Housing and Rent Act of 1947, effective June 30, 1947, Title 50 U.S.C.A.Appendix, § 1895, and Regulation Section 8 (a and b), promulgated thereunder by the Housing Expediter.

The complaint consists of two counts. The first count alleges that the rent demanded and received exceeded the maximum legal rent established therefor in the amount of $10.00 per month for three months. The second count alleges that the defendant as a condition of renting said

housing accommodation required plaintiff to purchase furniture for the sum of $1900, which sum plaintiff paid to defendant, and that the defendant failed to secure the prior consent of the Expediter, as provided by Regulation Section 8(b). Recovery was sought for three times such amount, or in the sum of $5700, together with attorney fees and costs.

On motion of plaintiff, the court on March 12, 1948, prior to a hearing on count 2, entered a judgment on count 1 in the amount of $50. The judgment order provided "that execution be and it is hereby stayed until all proceedings herein are determined * * *." The court, after a hearing on count 2, made its findings of fact and conclusions of law and, on June 23, 1948, entered a judgment in favor of the plaintiff in the amount of $1900, and allowed plaintiff's attorneys the sum of $250 as reasonable attorney fees. This judgment also included $50, the amount claimed under count 1, for which judgment had theretofore been tentatively allowed.

Defendant in No. 9679 appeals from the judgment of June 23, 1948, and plaintiff in No. 9689 cross-appeals, on the ground that the court erroneously refused to allow a judgment for $5700, or three times the amount of the alleged overcharge.

Notwithstanding that defendant criticizes certain of the findings made by the court below, we are convinced from a study of the record that they are substantially supported and must be accepted. Thus, the problem before this court is legal, and its solution depends upon the construction to be given to the relevant provision of the Act and the regulation.

The facts as found, upon which the legal issues rest, may be briefly stated. Plaintiff, on October 16, 1947, rented an apartment for dwelling purposes (housing accommodation) from the defendant (owner) at a rental of $50 per month. Such apartment, on October 12, 1947, was advertised for rent in the classified section of the Chicago Tribune, and in connection therewith furniture was advertised for sale. Relative to the transaction between the parties, so far as now material, the court found:

"That the plaintiff replied to the advertisement, and as a condition to the leasing of the aforesaid apartment did pay to the defendant, Catherine R. Schultz, the sum of $1900.00 for certain furniture located within the said apartment. As a condition to the renting and leasing of the said apartment the defendant sold to the plaintiff the said furniture. * * *

* * * * * *

"That the said sale and purchase of the furniture in connection with the rental of the premises occupied by the plaintiff constitutes a 'tying agreement,' and that said defendant did on or about October 16, 1947 demand and receive the sum of $1900.00 for the use and occupancy of the apartment * * * through the subterfuge and scheme of selling furniture within said apartment, and said sum was in excess of the maximum legal rent established under and pursuant to the 'Act' and the rent regulations issued thereunder in force and effect at the time of the transaction.

* * * * * *

"That the defendant did not obtain the prior written consent of the Expediter approving the sale of the said furniture as a condition to the leasing of the apartment by the plaintiff.

* * * * * *

"The defendant did not introduce evidence proving that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."

Thereupon, the court concluded as a matter of law that the sum of $1900 received by the defendant in payment for the furniture was an amount in excess of the maximum rent allowed by law.

The issue thus presented under both appeals is the amount of recovery to which plaintiff is entitled. Plaintiff contends, as is shown by his cross-appeal, that it was mandatory upon the court to award damages in the amount of $5700, or three times the amount which was paid for the furniture, and this irrespective of its value. The defendant contends that plaintiff was entitled to recover no more than the amount of the overcharge and that such overcharge

is the difference between the fair cash market value and the amount which defendant received in payment for the furniture.

Section 205, upon which the action is predicated, is entitled "Recovery of Damages by Tenants," and provides: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, *plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent* which could lawfully be demanded, accepted, or received, *whichever in either case may be the greater amount * * *."* (Italics ours.)

The rent regulation relied upon is Section 8, entitled "Evasion," and Par. (a), so far as here material, provides: "The maximum rents and other requirements provided in this regulation shall not be evaded, either directly or indirectly in connection with the renting or leasing * * * of housing accommodations, * * * by tying agreement or otherwise." Par. (b) of the same section provides: "* * * no person shall require a tenant or prospective tenant to purchase or agree to purchase furniture * * * as a condition of renting housing accommodations unless the prior written consent of the Expediter is obtained."

It must be remembered that plaintiff's action is a civil suit for damages and is predicated upon Section 205. There is no criminal penalty provided by the Housing and Rent Act of 1947, including Section 205, and the same is true of Section 8 of the regulations. Neither does the regulation afford any basis for a civil action by a tenant. It appears, therefore, that it is material only to the extent that it modifies or affects the right of action provided for by Section 205. And it would seem that the liability of a landlord who violated Section 8(a) of the regulation or who failed to obtain the consent of the Expediter, as au-

thorized by Par. (b), would be no different than that of a landlord who accepted cash in excess of maximum rents. Obviously, a landlord who evades the regulation in one of the ways therein designated, including the sale of furniture as a condition to renting, is no more culpable than one who accepts cash in excess of the maximum rent. It therefore appears that Section 8 of the regulation (a and b) was not intended or designed to enlarge either the tenant's remedy or the measure of damages provided by Section 205, but to prevent a landlord from escaping such liability by evasion.

In this case, as in other cases where a similar question has been involved, this court has heard some fantastic contentions regarding the effect to be given to this "evasion" regulation. It has been argued, for instance, that a landlord who violates the regulation by selling furniture as a condition of renting housing accommodations becomes ipso facto liable for three times the amount received from such sale, and this irrespective of the value of the furniture. The instant situation is illustrative. While the issue of value was not directly before the court and no finding was made relative thereto, yet there were statements of counsel and proof which led the court to express the view that the furniture had a fair value of $1900, the amount which the defendant received from the plaintiff. So it is claimed not only that the plaintiff is entitled to retain the furniture but that there is a mandatory duty on the court to award a judgment in the amount of $5700; in other words, plaintiff, who paid $1900 for the furniture and who thereby received value for his money (the extent depending upon the worth of the furniture) was entitled to the same judgment as he would have been had he paid defendant $1900 in cash in excess of the maximum rent, for which he would have received nothing of value. And the argument proceeds that this would be so even though the tenant immediately after purchasing the furniture had sold it to a third party and received the same amount which he had paid the landlord. This incongruous result is required, so we are told, solely because the sale was a "tying agreement" and therefore an "evasion"

under Par. (a) and made without the consent of the Expediter as provided in Par. (b) of the regulation.

Plaintiff, as might be expected, relies almost entirely upon our opinion in Leibman v. Siegel and Reiff, 7 Cir., 1949, 173 F.2d 935. However, we allowed a petition for rehearing and have reversed the judgment in the Leibman case, as shown by an opinion filed simultaneously with that in the instant case.

■ It is our considered judgment that defendant's violation of the regulation in and of itself creates no liability in favor of the tenant. It has the effect and nothing more of bringing the defendant squarely within the terms of Section 205, while otherwise the applicability of that section might be open to question. The consent of the Expediter might have been of aid to the defendant in establishing the defense that "the violation was neither willful nor the result of failure to take practicable precautions," as provided for in Section 205, but we are unable to discern how such consent would have been of any benefit to the plaintiff. Certainly the value of the furniture would have been no different whether it was sold with or without the consent of the Expediter, and neither did the failure to obtain such consent enlarge the amount of plaintiff's damage.

We therefore are of the view that plaintiff's contention that he is entitled to recover treble damages on account of defendant's violation of the regulation is unsound. Many instances in the law could be cited where a party has sought the recovery of damages against a violator of a statutory or regulatory provision and whose claim has been denied for failure to prove damages as a result of such violation. A situation which readily comes to mind is the anti-trust legislation wherein a civil action is provided for treble damages by a person who has been injured in his business or property. Title 15 U.S.C.A. § 15. However, violation of the statute by a defendant is of no benefit to an injured person in the absence of proof of actual damages. See Turner Glass Corporation v. Hartford-Empire Co., et al., 7 Cir., 1949, 173 F.2d 49, and the cases therein cited.

While defendant's violation of the regulation does not give the plaintiff a cause of action, such violation does serve to bring the defendant within the terms of Section 205. That plaintiff is given a cause of action under said section is without doubt. The amount of recovery to which he is entitled is the important question. It appears plain that the provision contemplates the awarding of damages to an aggrieved tenant. The title or subject matter of the provision is "Recovery of Damages by Tenants." The cause is predicated upon the receipt of rent "in excess of the maximum rent," and the liability of the landlord is "for reasonable attorney's fees and costs * * *, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment * * * exceed[s] the maximum rent which could lawfully be * * * received, whichever in either case may be the greater amount * * *."

■ Thus, in any event the tenant is entitled to recover as liquidated damage the amount of $50, but if the trebled amount of the excess payment is greater than the sum of $50, he is entitled to recover such trebled amount and, in our view, the court has no discretion in that respect in the absence of a defense within the proviso contained in the section. If there be any doubt that the court is without discretion in the absence of such a defense, it is removed by the proviso itself, which states, "That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation" (sometimes referred to as the good faith defense). In other words, in the absence of such defense, the court is required to enter a judgment for treble the amount of the excess payment, and when the court finds that such defense has been made, it is limited to the amount of the overcharge. In either event, no discretion is lodged in the court.

In this connection, it is pertinent to note that a similar section (Section 205) of the Emergency Price Control Act of 1942 as

944

amended, 50 U.S.C.A.Appendix, § 925, allowed recovery for an amount "not more than three times the amount of the overcharge * * * as the court in its discretion may determine." Under that provision this court has held that the allowance of treble damages was discretionary. Bowles v. Krodel, 7 Cir., 149 F.2d 398, 401; Fleming v. Gordon, 7 Cir., 161 F.2d 627, 628. In Section 205 of the instant Act, however, the words "not more than" and "as the court in its discretion may determine" have been omitted. In the instant case, this so-called good faith defense was neither alleged nor proven and the court so found. As a result, we think it was mandatory upon the court to award treble damages for the amount of the overcharge. What was the amount of the overcharge? If the excess rental payment had been made in cash, the answer would be simple, but the overcharge having been made in connection with the sale of furniture whereby the plaintiff obtained something of value, can it be held with any degree of reasonableness or logic that plaintiff has been damaged to the same extent as though he had received nothing of value in connection with the overcharge? We think not. While numerous purposes have been ascribed to this and similar legislation, we think one of the purposes was to place a tenant in a position where he would not be unfairly treated by the landlord, but it certainly was not the purpose and no legitimate means could be served by permitting a tenant to enrich himself at the expense of the landlord. This observation is all the more important in view of the interpretation which we place upon the treble damage feature of the statute.

We conclude that the overcharge in the instant case was the difference, if any, between the fair cash market value of the furniture which was sold to plaintiff by the defendant and the amount which plaintiff paid for such furniture, and that the plaintiff is entitled to a judgment for three times the amount of such difference. If such trebled amount, however, does not exceed the sum of $50, the plaintiff is entitled to liquidated damages in the latter amount. We perhaps should further state that in a case where the so-called good faith defense

is established, the judgment should be for the difference between the fair cash market value of the furniture and the amount paid, or for $50, whichever is the greater amount.

Plaintiff professes to foresee all kinds of dire results if the fair cash market value of the furniture in cases of the instant character is made a critical issue. Of course, under such a rule the court in order to determine the overcharge must try the issue and make a finding of fact as to value. Thus, the injection of the issue may make it more difficult for the plaintiff and require more time and consideration by the court, but, if so, the situation is no different than in many other cases where a plaintiff sues for the recovery of damages and is put upon proof as to the amount as a prerequisite to a judgment.

Other questions are raised by the defendant which need not be discussed for the reason that they are, in our judgment, without merit. In view of what we have held, the judgment must be reversed and remanded, with directions to proceed in accordance with the views herein expressed. It is so ordered.