**SMALL v. SCHULTZ.**

No. 9995.

United States Court of Appeals
Seventh Circuit.

Feb. 10, 1950.

Catherine R. Schultz, Chicago, Ill., pro se.

Bernard B. Wolfe, Chicago, Ill., Lochtan & Wolfe, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY, and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This action was brought by plaintiff, a tenant, against the defendant, a landlord, for the recovery of damages pursuant to Sec. 205, Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1895, and Regulation 8(a) and (b) promulgated thereunder by the Housing Expediter. The trial court found that the defendant had required the plaintiff to purchase furniture for the total sum of $1,900 as a condition for obtaining a lease upon an apartment, and entered judgment for the sum of $1,900, plus $250 attorney's fees, in addition to an award of $50 under Count I of the complaint. Upon appeal this court reversed and remanded the case, Small v. Schultz, 7 Cir., 173 F. 2d 940, concluding that the amount of the overcharge should have been the difference between the fair cash market value of the furniture which was sold to the plaintiff by the defendant and the $1,900 which plaintiff paid for such furniture, and determining further that plaintiff was entitled to damages in the sum of three times the amount of such difference.

Upon remand the trial court heard testimony of various witnesses who appraised the furniture all the way from $500 to $2,141.95. The court determined the fair cash market value to be $1,434. The amount of the overcharge was therefore $466, and the court granted judgment for three times that sum, together with an award of $50 on Count I, plus $250 attorney's fees—in all for $1,698 and costs.

Defendant, who is not an attorney, appeared in her own behalf on the appeal to this court. She attacks the credibility of certain witnesses, and stresses the high qualifications of the two experts who testified in her behalf, both of whom appraised the furniture in excess of $2,100.

It is understandable that defendant would not appreciate the limitations upon us as a reviewing court. She does not realize that the question of damages cannot be tried *de novo* in this court. The trial court has made a finding as to the fair cash market value of the furniture. Under Rule 52(a), Federal Rules Civil Procedure, 28 U.S.C.A., we may not set aside such finding unless it is clearly erroneous. Shapiro v. Rubens, et al., 7 Cir., 166 F.2d 659; Fox River Paper Corp. v. United States, 7 Cir., 165 F.2d 639. Since there is substantial evidence in the record to support that finding, we have no alternative but to sustain and affirm the judgment. It is so ordered.